IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-359-BO

| | |
|---|---|
| JAMES A. CLARK, JR., )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, N.A., )<br>)<br>Appellee. ) | ORDER |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

This cause comes before the Court on James A. Clark, Jr.'s *pro se* appeal of the Bankruptcy Court for the Eastern District of North Carolina's Order of July 13, 2017. The appeal has been fully briefed and the matter is ripe for review. For the reasons that follow, the decision of the bankruptcy court is AFFIRMED.

BACKGROUND

Appellant, Clark, initiated this action by noticing an appeal of an order of the United States Bankruptcy Court for the Eastern District of North Carolina, Warren, J. presiding, entered on July 13, 2017. [DE 1]. In its order, the bankruptcy court granted appellee's, Wells Fargo's, motion for *in rem* relief from automatic stay pursuant to 11 U.S.C. § 362(d)(4) as to property located at 515 Morgan Trace Lane in Goldsboro, North Carolina. Wells Fargo is the holder of a promissory note secured by a valid lien on the Morgan Trace Lane property, which is evidenced by a deed of trust in the original amount of $201,400.00 dated March 15, 2004. Since the origination of the Wells

Fargo loan, Clark and the Morgan Trace Lane property have been subject to five bankruptcy proceedings. The bankruptcy court, after a hearing at which Clark, his co-debtor Helen P. Clark, and counsel for Wells Fargo appeared, held that Clark, through his previous filings and lack of good faith, had demonstrated that Wells Fargo's request for relief pursuant to 11 U.S.C. § 362(d)(4) should be allowed and that Clark's current bankruptcy filing represents part of a scheme to defraud creditors. Section 362(d)(4) provides that, on request of a party and after notice and a hearing, a court shall grant relief from the automatic stay which is imposed upon the filing of a bankruptcy petition where:

> with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either--
> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
> (B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).

The bankruptcy court granted Wells Fargo's motion for relief from automatic stay, terminated the stay previously afforded by 11 U.S.C. §§ 362 and 1301(c) as to the co-debtor/co-mortgagor Helen P. Clark, and ordered that Wells Fargo may enforce the deed of trust and collect or recover the indebtedness it secures. The bankruptcy court specifically held that Wells Fargo may proceed with foreclosure or any other action available to it. The bankruptcy court further held that the relief granted to Wells Fargo was *in rem* and that it shall be binding on any other bankruptcy case filed within two years of the date of entry of the order. Finally, the bankruptcy court barred Clark from filing bankruptcy of any chapter in any district for one year. [DE 1-1].

On August 11, 2017, the bankruptcy court, after conducting a hearing on August 1, 2017, at which Clark and counsel for Wells Fargo appeared, denied Clerk's motion to stay pending

appeal. [DE 12 at 76]. The bankruptcy court held that Clark had failed to show any likelihood of success on appeal, that Clark would not suffer irreparable harm as the 13 July 2017 Order was reasonably foreseeable due to the substantial amount of mortgage delinquency, that Wells Fargo would be harmed by a stay, and that the public interest did not weigh in favor of granting Clark a stay. *Id.* at 77-78. By order entered October 25, 2017, this Court denied Clark's requests for stay pending appeal and petition for writ of supersedes. [DE 25].

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgment, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." *See also In re Lee*, 461 F. App'x 227, 231 (4th Cir. 2012) (order granting or denying relief from automatic stay is final and appealable). A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted). Legal conclusions made by the bankruptcy court are reviewed de novo. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed de novo. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

## DISCUSSION

In his appeal, Clark requests that this Court (1) vacate the bankruptcy court's order lifting the automatic stay, and (2) allow appellant to continue with his Chapter 13 proceedings, confirm the plan, and continue making payments through his Chapter 13 plan to satisfy the arrears and to

continue making monthly mortgage payments. Clark further contends that Wells Fargo has failed to meet its burden of proving it is the true owner of the note, and seeks vacatur of the bankruptcy court order. [DE 24].

Whether "to lift the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). "An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures . . ., or (2) rests its decision on findings of fact that are clearly erroneous." *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005) (citation omitted); *see also Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) ("court abuses its discretion whenever 'its decision is guided by erroneous legal principles.'") (citation omitted).

Since the origination of the Wells Fargo loan, Clark and the Morgan Trace Lane property have been subject to five bankruptcy cases in the Eastern District of North Carolina. None of these cases have resulted in discharge. As of the filing of Wells Fargo's proof of claim, Clark was in substantial default on the mortgage obligation and had no equity in the Morgan Trace Lane property. The Court holds that it was not an abuse of discretion for the bankruptcy court to conclude that Clark's serial filings in an effort to forestall creditors were evidence of bad faith sufficient to grant relief from the automatic stay under 11 U.S.C. § 362(d)(4). Indeed, where there is found to be "1) strategic filing of bankruptcy petitions to prevent collection; 2) multiple bankruptcy petitions by multiple parties to protect common property; 3) lack of evidence of changed circumstances between filings; and 4) inability to fund a plan," courts have determined that *in rem* relief the automatic stay is appropriate. *In re Henderson*, 395 B.R. 893, 901 (Bankr. D.S.C. 2008); *see also In re Behrens*, 501 B.R. 351, 355 (B.A.P. 8th Cir. 2013) (where findings

4

supported by the record, reviewing court will not second guess bankruptcy court's determination that debtor's bankruptcy filing was part of a scheme to hinder or delay creditors); *In re Blair*, No. 09-76150-AST, 2009 WL 5203738, at *4 (Bankr. E.D.N.Y. Dec. 21, 2009) (mere timing and filing of serial bankruptcy cases sufficient to infer scheme to hinder, delay, and defraud creditors).

Moreover, Clark has not presented any evidence or argument in his brief which would support a determination that the bankruptcy court abused its discretion. Clark has not demonstrated that any of the bankruptcy court's factual findings were erroneous or that the bankruptcy court applied improper legal standards or principles. While Clark argues in his brief that he has made consistent mortgage payments, that he has unsuccessfully requested that Wells Fargo modify his loan, that both he and Wells Fargo would be harmed by a foreclosure sale, and that Wells Fargo has not demonstrated that it is the true holder of the note, he has failed to demonstrate why the order of the bankruptcy court on appeal should be vacated or reversed.

## CONCLUSION

Accordingly, the 13 July 2017 order of the bankruptcy court is AFFIRMED. The clerk is DIRECTED to enter judgment and close the file.

SO ORDERED, this __7__ day of March, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE